Robertson, J.
The motion to dismiss the complaint in this case was based upon two grounds, viz.: First, that the plaintiff had failed to prove that the defendants were common carriers; and, Secondly, that he had not proved a delivery of the goods described in the complaint to the defendants.
The defendants were an Express Company incorporated by the State of Massachusetts, and were engaged in the business of carrying goods between the cities of Boston and New York; a witness for the plaintiff testifies that he had done business with the defendants for about nine or ten years, and “ they did business as common carriers with all that called.” This was uncontradicted, and was amply sufficient to go to the jury on the question of their occupation. The evidence upon the subject of delivery consisted of the testimony of a witness who described the box delivered and its size; and also of a wagon driver of the defendants who testified to carrying a box about the time the one in question should have arrived, and leaving it at the front door of the building where the plaintiff had his office; the answer of the defendants admits the receipt of a box to be carried by them as expressmen, and avers its delivery to the plaintiff. This appears to be sufficient to be left to the jury as evidence of its original delivery to the defendants.
A question, however, was made upon the presentation of the case to the jury, as to the delivery of the goods by the defendants, and the rule by which such delivery should be governed, which requires a little more examination. The plaintiff occupied the fourth floor in the rear of a building on Broadway in the city; the driver who brought the box in a wagon took it *243 out and placed it within the outside door of such building upon a platform which reached to the stairs; he then went up stairs to the plaintiff’s office and notified a boy therein, about fourteen years of age, that he had “ got a box at the foot of the stairs by express, and that he must take care of it;” he then came down found the box where he placed it and drove off. The boy was not authorized to receive packages for the plaintiff, and the box weighed fifty or sixty pounds, as testified to by the driver. This being clearly not a delivery to the plaintiff by any general principle of law, the defendants sought to establish a custom among expressmen to make such mode of deposit a delivery. For this purpose, a question was put to a driver of the defendants, as to “ what was the usual custom of Express Companies in delivering packages in this city,” which was ruled out, and I think properly for various reasons; the witness was not established to be such an expert as to entitle him to speak of a usage; the question was technically irregular, as no custom had been proved to exist," and it was confined to the custom among the Companies, and not extended to those who dealt with them. The question was put in a more proper shape to establish a usage to other witnesses, and answered. Two witnesses testified to the invariable custom to leave boxes which are weighty or bulky down stairs, and notify a party, whose office is up stairs, while another witness and the plaintiff testified that neither of the Companies, of which such witnesses were agents, ever left boxes of the size of the one in question down stairs, but always delivered them personally to the party who was to receive them. It is very plain that a custom, so ill defined as this, should not be allowed to trench upon settled rules of law, for the weight or the bulk of the articles remains entirely uncertain; besides, it does not appear that this usage was well known to all persons dealing with such Companies, (Cole v. Goodwin, 19 Wend., 251; Gibson v. Culver, 17 id., 305,) nor was its origin, or continuance for any length of time shown. Nor does it seem to me, that such a usage could ever begin to establish a legal custom; the delivery of goods at a tavern or known stopping place of a carrier where they are always in charge of some one, as in Gibson v. Culver, (17 Wend., 305,) or on a wharf after giving notice and allowing a reasonable time for a consignee to take possession is entirely *244 different from abandoning parcels intrusted to a common carrier in an exposed place, and notifying the owners that they are so abandoned. It would in all cases be a very, doubtful, chance, whether the owner in a fourth story or a marauder in the street would first reach the prize, even supposing, the owner or his representative ready at all times to rush swiftly down stairs and able to carry the package up which was too heavy for the driver; and indeed the box in this case does not seem to have been one which the only person notified (a boy of fourteen years of age) could have readily transported to the fourth story. The law is exceedingly jealous of. any innovation upon the responsibility of common, carriers, even by express .contract, much more by usages, (Hollister v. Nowlan, 19 Wend., 234,) and the express business most of all requires that the. most uniform and constant dereliction of duty. however successful, should not enable express carriers to .evade liability for a. lost parcel committed to their care, (Redfield on Railways, 240,) by getting up a usage.
Even, however,..if the evidence in this case had . tended to establish a legal custom binding upon all persons engaged in the business .of sending or receiving parcels.. by. express,-. I do not think there was any request to ¡charge, whose refusal should maleé the.verdict erroneous ?. The first request as to “ usual and customary modes of expressmen.” was wrong, because it did not require the assent of those sending by express, or even their knowledge of such a practice. The' second request, as .to the mode sanctioned by previous transactions between the parties was not warranted by any evidence, 'the only' testimony given on the subject, disproving any. such mode as that claimed; besides which, such request was substantially .complied with. The third and fourth requests in reference to acceptance by the plaintiff’s agent, were unjustifiable in any other form than that' in which the third was substantially charged, rendering the fourth unnecessary; the conduct constituting an acceptance of the delivery made, should not only'have been such as actually led the defendants to believe such acceptance had been made, but such as would be adapted to lead any one so to believe; but even the former was charged as requested.
*245 I can find no fault in any rulings at the trial or the charge of the Judge before whom it was tried, and am therefore of opinion the judgment should be sustained.
Bosworth, Ch. J., concurred in the conclusions of Robertson, J.
Judgment affirmed.